David R. Paoli
PAOLI LAW FIRM, P.C.
P.O. Box 8131
257 West Front St., Suite A
Missoula, MT 59807-8131
(406) 542-3330
(406) 542-3332 (Fax)
davidpaoli@paoli-law.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| RONALD W. YAKIMOW and TINA M. YAKIMOW,<br><br>Plaintiffs,<br><br>v.<br><br>CRAPO, LTD, CRAPO TRUCKING CO., DAVID ROSS DAVIS, AND DOES 1-5,<br><br>Defendants. | Cause No. *CV-17-84-BU-BMM*<br>Dept. No.<br><br>**COMPLAINT AND**<br>**JURY DEMAND** |

COMES NOW Plaintiffs, Ronald W. Yakimow ("Ronald") and Tina M.

Yakimow ("Tina") and for their Complaint against Defendants, Crapo, LTD

("Crapo, LTD"), Crapo Trucking Co. ("Crapo Trucking"), David Ross Davis

("Davis"), and Does 1-5 and allege as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

1. Plaintiff Ronald W. Yakimow was at all times relevant hereto a citizen of

the state of Indiana.

2. Plaintiff Tina M. Yakimaw was at all times relevant hereto a citizen of Newton County, Indiana.

3. Based on information and belief, Defendants Crapo, LTD and Crapo Trucking were at all times relevant hereto a business incorporated in Idaho with their principal place of business in St. Anthony, Fremont County, Idaho.

4. Based on information and belief, Defendant Davis was at all times relevant hereto a citizen of Idaho.

5. Does 1 through 5 are individuals and/or companies responsible in some way for the relief sought hereunder, and Plaintiffs are unaware of their identities or precise nature of their share of the relief sought herein. Pursuant to discovery these individuals and/or companies may become known to Plaintiffs and the Complaint will be amended to name them.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between a citizen or subject of a foreign state and citizens of the state of Idaho and Indiana. Accordingly, Plaintiffs invoke the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in the Butte Division of the District of Montana because the events giving rise to these claims occurred within this Division.

8. On or about November 17, 2014, Ronald Yakimow was driving his 1999 Dodge Q25 pickup truck and traveling northbound on U.S. Highway 287 in

Madison County, Montana. As Ronald approached the intersection of Johnny Gulch and U.S. Highway 287 he activated his left turn signal to turn left.

9. At the same time, Davis was traveling northbound on U.S. Highway 287 behind Ronald. Davis was driving a 2012 Peterbilt tractor owned by Crapo, LTD and Crapo Trucking and was pulling two 2013 Western trailers.

10. Davis could not stop in time and attempted to avoid rear-ending Ronald by traveling into the southbound travel lane in an attempt to get around Ronald's truck. Ronald had started to make his left turn across the southbound travel lane and saw the intent of Davis and tried to swerve back to the right.

11. The front passenger side of Davis' tractor hit the left rear of Ronald's vehicle. Ronald's vehicle skidded into the guardrail where it came to a stop with the front facing eastbound. Davis' tractor-trailer combination continued into the left ditch and he continued driving out of the ditch. Davis' tractor-trailer combination came to a stop in the northbound travel lane.

12. Ronald and his passenger, Joseph Jerzyk, were transported from the scene of the collision to the hospital via ambulance.

13. As a result of the devastating collision, Ronald suffered significant, permanent injuries and damages.

14. The Montana Highway Patrol ("MHP") investigation concluded that Ronald's actions did not contribute to the cause of the crash.

15. The MHP investigation concluded that Davis followed too closely

and drove in a distracted, inattentive or careless manner.

16.    Davis was cited for careless driving, a violation of M.C.A. 61-8-302(1).

17.    Defendant Davis was an employee of Crapo, LTD and Crapo Trucking and was acting within the course and scope of his employment at all relevant times.

18.    Defendants Crapo, LTD and Crapo Trucking were responsible for Davis' actions under the theory of respondeat superior at all relevant times.

## COUNT I – NEGLIGENCE
### (DAVIS, CRAPO, LTD, AND CRAPO TRUCKING)

19.    The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

20.    Defendant Davis, acting on behalf of and within the scope of his employment with Defendant Crapo, LTD and Crapo Trucking, owed a duty to operate the semi-tractor trailer combination with reasonable care.

21.    Defendant Davis breached this duty by following too closely, driving in a distracted manner, being inattentive to the traffic around him, driving in a careless manner, and failing to operate the subject vehicle in compliance with state and local traffic laws with due regard for the health and safety of Plaintiffs.

22.    Defendants were negligent, individually and/or through the conduct of each other, in their careless ownership, inspection, maintenance and repair of

their vehicles, trailers, and equipment.

23.   Defendants' negligence resulted in Plaintiffs' severe and permanent injuries, to the significant damage of Plaintiffs.

## COUNT II – NEGLIGENCE PER SE
### (DAVIS)

24.   The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

25.   Defendant Davis, acting on behalf of and within the scope of his employment with Defendants Crapo, LTD and Crapo Trucking owed a duty to operate the tractor and double trailer combination in a safe and controlled manner under Montana Code Ann. §§ 61-8-329 (following too closely) and 61-8-302 (careless driving). These statutes were enacted for the purpose of promoting public safety, and Plaintiffs were within the class of persons the legislature intended these statutes to protect.

26.   Defendant Davis breached these duties while acting on behalf of and within the scope of his employment with Defendants Crapo, LTD and Crapo Trucking.

27.   Defendant Davis' violations of the Montana Code constitute negligence per se.

28.   Defendant Davis' negligence per se caused severe injuries to Ronald.

## COUNT III – NEGLIGENT HIRING AND RETENTION
## (CRAPO, LTD AND CRAPO TRUCKING)

29.    The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

30.    Defendants Crapo, LTD and Crapo Trucking owed a duty of reasonable care to Plaintiffs to hire and retain competent, qualified, and safe employees.

31.    Defendants Crapo, LTD and Crapo Trucking knew, or in the exercise of reasonable care should have known, that Defendant Davis was incompetent and unfit to perform the job that he was hired to perform based on his lack of proper training and experience.

32.    Defendants Crapo, LTD and Crapo Trucking breached their duty of reasonable care by hiring and retaining Defendant Davis who was incompetent, unfit, and dangerous.

33.    The failure of Defendants Crapo, LTD and Crapo Trucking to exercise reasonable care caused severe injuries and significant damages to Plaintiffs.

## COUNT IV – NEGLIGENT FAILURE TO TRAIN AND SUPERVISE
## (CRAPO, LTD AND CRAPO TRUCKING)

34.    The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

35.    Defendants Crapo, LTD and Crapo Trucking owed a duty of

reasonable care to Plaintiffs to train and supervise its drivers and employees.

36.     Defendants Crapo, LTD and Crapo Trucking breached their duty of reasonable care by failing to properly and adequately train and supervise Defendant Davis.

37.     Defendants Crapo, LTD's and Crapo Trucking's failure to properly and adequately train and supervise their drivers and employees caused severe injuries to Ronald which subsequently caused Plaintiffs significant injuries and damages.

## COUNT V – LOSS OF CONSORTIUM
### (ALL DEFENDANTS)

38.     The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

39.     The injuries and damages defendants have caused have materially affected Plaintiffs' lives and have had a debilitating effect on their marital relationship resulting in significant loss of consortium.

40.     As a direct result of Ronald's injuries and the subsequent pain and suffering he has experienced resulting from his injuries, Plaintiffs have suffered severe emotional distress and loss of consortium.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (ALL DEFENDANTS)

41.     The foregoing allegations are incorporated by reference in this Count as though fully set forth herein.

42.   Defendants' negligent, careless, and willful conduct has caused
Plaintiffs severe and significant emotional distress.

43.   The significant injuries Ronald suffered in the crash and the
disruption of his daily life and activities of his daily life has caused significant and
severe emotional distress to both plaintiffs.

44.   Ronald's injuries and disruption of his established course of life have
caused impacts to the marital relationship and have caused significant and
severe emotional distress to both plaintiffs.

## COUNT VII - PUNITIVE DAMAGES
## (ALL DEFENDANTS)

45.   The foregoing allegations are incorporated by reference in this
Count as though fully set forth herein.

46.   Defendants acted with conscious disregard to Plaintiffs' known rights
by intentionally disregarding facts that created a high probability of injury and
deliberately proceeding to act with indifference to the high probability of injury to
Ronald and any other persons foreseeably on the roadway.

47.   Crapo, LTD and Crapo Trucking consciously and intentionally
disregarded facts indicating that it employed unsafe drivers and drivers who
regularly employed unsafe driving practices in western Montana.

48.   Crapo, LTD and Crapo Trucking are liable to Plaintiffs for punitive
damages, as they employed Davis despite his lack of proper training and

experience.

49.   Crapo, LTD and Crapo Trucking consciously utilized unsafe equipment and failed to maintain their equipment in a safe and operable condition for over-the-road highway transportation.

50.   Crapo, LTD and Crapo Trucking are liable to Plaintiffs for punitive damages, as they consciously utilized unsafe equipment and failed to maintain their equipment in a safe and operable condition for over-the-road highway transportation.

51.   Defendants' malice caused Plaintiffs to suffer significant injuries and damages.

52.   Defendants' reckless and aggravated conduct subjects them to an award of punitive damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for the following damages:

1.   For an amount sufficient to compensate Plaintiffs for their special and general damages incurred in the past and that will continue in the future;

2.   Punitive damages;

3.   For other and further relief as the Court shall deem just and proper.

//

**DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, and demands a trial by jury.

DATED this 8th day of November, 2017.

PAOLI LAW FIRM P.C.

By: /s/ David R. Paoli
David R. Paoli
Paoli Law Firm, P.C.
257 W. Front St., Suite A
P.O. Box 8131
Missoula, MT 59802